|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   | UNITED STATES DISTRICT COURT |
| 8   | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 9   |     |
| 10  | RIDGEWOOD ASSOCIATES, INC., a Nevada corporation; RIDGEWOOD ASSOCIATES, INC., a California corporation; and RICHARD ANDREW MALOTT, an individual, |
| 11  |     |
| 12  | NO. CIV.S-06-1376 LKK/GGH |
| 13  | Plaintiffs, |
| 14  | v. |
| 15  | O R D E R |
|     | MICHAEL TRUMPOWER, an individual; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive, |
| 16  |     |
| 17  |     |
| 18  | Defendants. |

Plaintiffs Ridgewood Associates, Inc. ("Ridgewood California"), Ridgewood Associates, Inc. ("Ridgewood Nevada") and Richard Malott originally filed this action against defendant Michael Trumpower alleging breach of contract in the United States District Court for the District of Nevada. In response to defendant's motion to dismiss for improper venue and in the alternative a motion to transfer, the Nevada court transferred the case to the Eastern District of California. Currently pending

1

before the court is defendant's motion to dismiss for lack of personal jurisdiction and improper venue and in the alternative motion to transfer. For the reasons set forth below, the court denies defendant's motions.

## I. Background

**A. Facts as Alleged in the Complaint**

Plaintiffs and defendant met and became business associates in 1996. Some of the meetings that ensued took place in Nevada. As a result of these meetings, three business ventures were formed that are at issue here. In the first venture, plaintiff Ridgewood Associates, Inc. ("Ridgewood California") allegedly advanced $150,000 to defendant. Pursuant to a written agreement, defendant was then to raise $15,000,000 for the purchase of real property located in California within a specified amount of time. If defendant failed to raise this sum of money, he was to return plaintiff's $150,000 advance. In the second agreement, plaintiff Ridgewood Associates, Inc. ("Ridgewood Nevada") and Richard Malott allegedly provided defendant with an advance of $225,000 for the purchase of paintings valued at $985,000. Finally, plaintiffs Malott and Ridgewood Nevada allegedly advanced $610,000 to defendant for the acquisition of gold in the Philippines. Again, if defendant failed to acquire these assets, he was to return plaintiffs' advances.

Combined, plaintiffs have allegedly advanced $985,000 to defendant. Defendant has allegedly failed to perform on any of the three business agreements and has refused to return plaintiffs'

2

advances.

**B. Procedural History**

In 2005, this breach of contract suit was brought in the United States District Court for the District of Nevada based upon diversity jurisdiction. Plaintiff Ridgewood Nevada is a Nevada corporation and plaintiff Ridgewood California is a California corporation. Plaintiff Malott is a California resident, and defendant is, apparently, an Arizona resident. A substantial part of the events giving rise to the claims is alleged to have occurred in the District of Nevada.

Defendant moved to dismiss for improper venue pursuant to 28 U.S.C. § 1391(a) and in the alternative moved to transfer venue under 28 U.S.C. § 1406. After holding an evidentiary hearing, the Nevada court found that Nevada was not a proper venue for the action. Although defendant had requested that the case be transferred to Arizona, it was unclear to the court that he still resided in that state. Instead, noting that the real property which was the subject of one of the business agreements was located in California and that a number of business meetings had taken place in California, the Nevada court found it in the interest of justice to transfer the matter to the Eastern District of California.

## II. Standard

**A. Motion to Dismiss for Lack of Personal Jurisdiction**

When a defendant challenges the sufficiency of personal jurisdiction, the plaintiff bears the burden of establishing that

the exercise of jurisdiction is proper. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir. 1988).

Analysis of the appropriateness of the court's personal jurisdiction over a defendant in a case in which the court exercises diversity jurisdiction begins with California's long arm statute. Aanestad v. Beech Aircraft Corp., 521 F.2d 1298, 1300 (9th Cir. 1974). California's long arm statute authorizes the court to exercise personal jurisdiction on any basis consistent with the due process clause of the United States Constitution. Cal. Code Civ. Proc. § 410.10; Rocke v. Canadian Auto Sport Club, 660 F.2d 395, 398 (9th Cir. 1981).

Consistent with the due process clause, the court may exercise personal jurisdiction over a defendant when the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). If the defendant is domiciled in the forum state, or if the defendant's activities there are "substantial, continuous and systematic," a federal court can exercise general personal jurisdiction as to any cause of action involving the defendant, even if unrelated to the defendant's activities within the state. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952); Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

If a non-resident defendant's contacts with California are not sufficiently continuous or systematic to give rise to general

4

personal jurisdiction, the defendant may still be subject to specific personal jurisdiction on claims arising out of defendant's contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985); Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986).

The court employs a three-part test to determine whether the exercise of specific jurisdiction comports with constitutional principles of due process. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  First, specific jurisdiction requires a showing that the out-of-state defendant purposefully directed its activities toward residents of the forum state or purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. Burger King, 471 U.S. at 474-75. Second, the controversy must be related to or arise out of defendant's contact with the forum. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). Third, the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. Haisten, 784 F.2d at 1397.

**B. Motion to Dismiss for Improper Venue**

Venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a).  Section 1391 does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate. Rodriguez v. California Highway Patrol, 89 F. Supp. 2d 1131, 1136

1  (N.D. Cal. 2000).  All that plaintiff needs to show is that a
2  substantial part of the events giving rise to his claim occurred
3  in the Eastern District of California.  See id.
4       If venue is improper in this district, then the court may
5  transfer the case to any district or division in which it could
6  have been brought if it is in the interests of justice.  28 U.S.C.
7  § 1406(a).  Similarly, for the convenience of parties and
8  witnesses, a district court may transfer any civil action to any
9  other district or division where it might have been brought if it
10 is in the interests of justice.  28 U.S.C. § 1404(a).  However,
11 defendants must make a strong showing of inconvenience to warrant
12 upsetting plaintiff's choice of forum.  Decker Coal Co. v.
13 Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

### IV. Analysis

**A. Personal Jurisdiction**

16      Defendant has moved to dismiss for lack of personal
17 jurisdiction.  Plaintiffs argue that defendant has waived his
18 ability to make this motion under Rule 12 and that the exercise of
19 jurisdiction is proper.  As set forth below, the court may
20 appropriately exercise specific jurisdiction in the case at bar.

   **1. Waiver of the Defense**

22      Plaintiffs first argue that defendant has waived its ability
23 to dispute personal jurisdiction.  The defense of lack of personal
24 jurisdiction must be brought in the first defensive action.  Fed.
25 R. Civ. P. 12(h)(1).  If it is not raised therein, it is deemed
26 waived by defendant. An exception to this rule has been recognized

6

in situations where the defense that was not timely raised was not "then available." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983) ("[D]efendants do not waive the defense of personal jurisdiction if it was not available at the time they made their first defensive move."); see also Holzsager v. Valley Hospital, 646 F.2d 792, 796 (2d Cir. 1981) ("[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made.").

Defendant in the present case failed to raise the defense of lack of personal jurisdiction in his first defensive action in the Nevada court. Therefore, this defense was waived with respect to personal jurisdiction within the District of Nevada. The case has since been transferred to the Eastern District of California, where the defense has been brought in defendant's first action. Although defendant waived this jurisdictional defense in the Nevada court, it was not a defense that was available to him with respect to the Eastern District of California during the Nevada proceedings. The defense of lack of personal jurisdiction now before the court was unavailable to defendant at the time of his first defensive action, and shall be treated by the court as properly filed here.

**2. General Jurisdiction**

The exercise of general jurisdiction would be inappropriate in the present case. No facts are alleged in the complaint to support a finding that defendant's contacts with California are continuous and systematic. Although the Trumpower's supplemental declaration concedes a series of trips made and meetings held

7

within the forum state in connection with the business ventures, they fall short of "approximating physical presence." <u>Bancroft & Masters, Inc.</u>, 223 F.3d at 1086, <u>citing</u> <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1073 (9th Cir. 1986) ("The standard for establishing general jurisdiction is fairly high and requires that the defendant's contacts be of the sort that approximate physical presence."). Accordingly, defendant is not subject to general jurisdiction.

### 3. Specific Jurisdiction

The court may appropriately exercise specific jurisdiction in this case. As set forth below, defendant has purposefully availed himself of the privileges of conducting business in California, plaintiff's claims arise from these contacts with California, and the exercise of specific jurisdiction is reasonable. <u>Schwarzenegger</u>, 374 F.3d at 802.

It is well-established that a court may consider affidavits and other materials in deciding upon a motion to dismiss for lack of personal jurisdiction. <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 922 (9th Cir. 2001); <u>Amba Mktg. Sys. Inc. v. Jobar Int'l. Inc.</u>, 551 F.2d 784, 787 (9th Cir. 2001).

Upon consideration, defendant's motion must fail. First, defendant has purposefully availed himself of the privileges of conducting business in California. Both Ridgewood California and Malott are California residents. Trumpower's supplemental declaration states that "all meetings relative to the [business ventures] referred to in the Complaint took place in or near Nevada

City, California." Trumpower Supp. Decl. 2:13-15.  When attending meetings regarding the business ventures, defendant would, for reasons of his own convenience, travel to Sacramento. Id. at 2:25-3:2. By defendant's own statement, he has demonstrated affirmative conduct to promote the transaction of business within California. Accordingly, he has purposefully availed himself of the laws of California.

Second, the proper exercise of specific jurisdiction over a non-resident defendant also requires that the "contacts constituting purposeful availment must be the ones that give rise to the current suit." Bancroft & Masters v. August National, 223 F.3d 1082, 1088 (9th Cir. 2000). Here, defendant's forum-related contacts consist of a series of trips and meetings held in California. Trumpower Supp. Decl. 3:14-15 (stating that the gold venture "was negotiated and planned from California"). These contacts are directly related to the claims now before the court. Although plaintiffs allege in the complaint that some of the negotiations occurred in Nevada, Compl. ¶ 15, defendant has stated that all meetings regarding the business ventures were held in California. Trumpower Supp. Decl. 2:13-15. His forum contacts were unquestionably related to plaintiffs' claims.

Lastly, the exercise of specific jurisdiction must be reasonable. After plaintiff has established purposeful availment by defendant and sufficient relation of those contacts to the claims at bar, defendant bears the burden of showing that the exercise of jurisdiction is unreasonable. Burger King, 471 U.S.

at 477.  Defendant readily conceded that he repeatedly traveled to California to conduct business, and the present dispute arises from those business agreements.  Defendant has failed to establish that any substantial burden would be imposed upon him by defending the suit in California.  Accordingly, the court finds that the exercise of specific jurisdiction is proper.

**B.  Venue**

For diversity actions, venue is proper the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(a).  While a substantial part of the events giving rise to that claims must have occurred in the judicial district where the claims are brought, there is no requirement that the majority of such events occur in the district, or that the events in that district predominate.  Rodriquez, 89 F. Supp. 2d at 1136 (finding venue to be proper in more than one district).

As set forth above, defendant repeatedly traveled to California to negotiate the agreements giving rise to this suit, and the place of performance of the real property venture was California.  These acts are sufficient to establish that a substantial part of the events leading to the suit occurred in California. In a similar motion to dismiss for improper venue, the federal district court in Hawaii determined that venue was proper in Hawaii where vendors from Oregon and Washington had traveled to Hawaii to negotiate business with Hawaii residents and had allegedly made misrepresentations there.  Resnick v. Rowe, 283 F.

1  Supp. 2d 1128 (D. Hawaii 2003).  These contacts were deemed a
2  substantial part of the events giving rise to the claim.  Id. at
3  1144.  For analogous reasons, venue in the case at bar is proper
4  in the Eastern District of California.
5       In the alternative, defendant seeks transfer of venue to
6  Arizona under 28 U.S.C. § 1406(a).  This provision provides that
7  transfer is proper if the case is in the "wrong division or
8  district" and if it is "in the interest of justice."  A transfer
9  of venue may also be appropriate in light of convenience to the
10 parties and witnesses and in the interest of justice.  28 U.S.C.
11 § 1404(a).  As set forth above, venue is proper in this district.
12 Furthermore, defendant has failed to allege facts demonstrating
13 that it is in the interest of justice to transfer the matter once
14 again.  See Resnick, 283 F. Supp. at 1144 (finding that the
15 defendant vendors' inconvenience and additional costs of litigating
16 in Hawaii were not sufficient to support transfer of venue in the
17 interests of justice); Decker, 805 F.2d at 843 ("The defendant must
18 make a strong showing of inconvenience to warrant upsetting the
19 plaintiff's choice of forum.").  Accordingly, transfer of venue
20 under either 28 U.S.C. § 1406(a) or § 1404(a) would be
21 inappropriate.

### V. Conclusion

23    Defendants motion to dismiss for lack of personal
24 ////
25 ////
26 ////

1 jurisdiction, motion to dismiss for improper venue, and motion
2 to transfer venue are hereby DENIED.
3      IT IS SO ORDERED.
4      DATED: October 30, 2006.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT