UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RIDGEWOOD ASSOCIATES, INC., a
Nevada corporation; RIDGEWOOD
ASSOCIATES, INC., a California
corporation; and RICHARD ANDREW
MALOTT, an individual,

          NO. CIV.S-06-1376 LKK/GGH

    Plaintiffs,

  v.

          O R D E R

MICHAEL TRUMPOWER, an individual;
DOES 1 through 10, inclusive;
and ROE CORPORATIONS 1 through 10,
inclusive,

    Defendants.
_____/

    Plaintiffs sued defendant to recover money lost in various unsuccessful financial ventures, which included a real estate purchase, art acquisitions, and the recovery of gold from the Phillippines. On April 25, 2007, the court granted defendant's motion for summary judgment and denied plaintiffs' motion for summary judgment. Pending before the court is plaintiffs' motion for reconsideration, which seeks to introduce new evidence in order to revive the breach of the implied covenant of good faith and fair

1

dealing claim. For the reasons set forth below, the court denies the motion.

## I. Background[1]

Plaintiffs lost a significant amount of money by investing in various financial ventures with defendant. These debts were undisputedly time-barred, but in November 2001 defendant signed a letter agreement acknowledging the debt. The original draft of the letter agreement stated: "In consideration of the cash sums advanced you agree to return by January 4, 2002, an amount equal to 200%, or $1,970,000." Defendant refused to sign this agreement and instead modified it to read: "In consideration of the cash sums advanced you agree to return as soon as MATCO has available, an amount equal to 200%, or $1,970,000." MATCO was a corporation, headed by defendant, that was already fighting off bankruptcy by early 2001. Defendant then changed the signature line to add the words "MATCO, Inc." below his name.

In granting defendant's motion for summary judgment, the court ruled on the narrowest grounds possible. The court found that even if defendant signed the agreement in his personal capacity, rather than in his capacity as president of MATCO, defendant's duty to perform was contingent upon MATCO having sufficient funds available for payment -- a condition that undisputedly never came to

---

[1] The court's previous April 25, 2007 order set forth the facts pertinent to this case. Accordingly, the court provides only a short summary here.

2

fruition.[2]

With regard to the good faith and fair dealing claim, the court held that plaintiffs failed to allege or present any evidence that the defendant took any action to thwart the fulfillment of the contract condition. As an example, the court parenthetically noted that defendant's deliberate impairment of MATCO's financial health might give rise to a triable issue of fact but also pointed out that plaintiffs had failed to make any such argument. In fact, in plaintiffs' moving papers, they "moved" on their good faith and fair dealing claim by devoting all of three sentences to the issue. The court recites, in full, plaintiffs' briefing on the claim:

> The elements of a cause of action for breach of the covenant of good faith and fair dealing are: (1) an agreement between the parties, (2) plaintiff's performance, (3) defendant engaged in conduct separate and apart from the performance of obligations under the agreement without good faith and for the purpose of depriving plaintiff of rights and benefits under the agreement and (4) damages to plaintiff. [Citation]
> Assuming, for the sake of argument, that the Court determines that Trumpower did not breach the specific terms of the above-described oral and written contracts, there can be no doubt that Trumpower, by not paying back his $985,000 indebtedness, has engaged in conduct separate and apart from the performance obligations under the contracts without good faith and for the purpose of depriving Plaintiff of rights and benefits under the contracts. For these reasons, Trumpower is alternately liable under a breach of the covenant of good faith and fair dealing theory.

---

[2] Accordingly, the court never expressly resolved the issue of whether there was a genuine dispute as to the capacity in which defendant signed the letter (i.e., personal versus representative). Nevertheless, in a footnote, the court noted that it was highly unlikely that plaintiffs would be able to prove that defendant signed the letter in his personal capacity.  Order at 9 n.2.

3

The only thing that "there can be no doubt" about is that plaintiffs failed to offer any analysis, evidence, or explanation in support of their claim. They recited the law and stated a conclusion, but omitted any argument to bridge the two. Plaintiffs assertion that defendant "engaged in conduct separate and apart from the performance obligations under the contracts" is just that -- an assertion.

Similarly, in plaintiffs' opposition to defendant's motion for summary judgment, the only statement made concerning the breach of good faith and fair dealing claim was wholly conclusory: "Summary judgment as to Plaintiffs' claims for breach of contract and contractual breach of the covenant of good faith and fair dealing, is properly awarded in favor of Plaintiffs and against Trumpower." In short, plaintiffs wholly failed to meet their burden of coming forward with evidence.

## II. Standard

Generally, absent unusual circumstances, reconsideration is appropriate only where (1) the party presents the court with newly discovered evidence that could not have been previously discovered with due diligence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. See Sch. Dist. No. 1J, Multnomah County, Oregon v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2003). Here, although plaintiffs do not so expressly state, the court presumes that the motion for reconsideration is brought

4

pursuant to Rule 60(b)(2). Fed. R. Civ. P. 60(b)(2).

### III. Analysis

Plaintiffs seek to introduce new evidence purporting to substantiate the allegation that defendant did, in fact, deliberately harm MATCO. There are two pieces of new evidence at issue: first, a criminal indictment against defendant, and second, a civil complaint filed against defendant in another district court. As explained below, neither of these pieces of evidence could not have been obtained through due diligence and neither changes the court's analysis with respect to the good faith and fair dealing claim.

**A. Criminal Indictment**

The first piece of evidence is the criminal indictment against defendant filed in this district. Ex. A., Indictment in U.S. v. Michael A. Trumpower, 06-CR-445-DFL. The indictment asserts that defendant "knowingly and willfully devised a scheme and artifice to defraud, and to obtain money from various investors in an oil exploration venture managed by Matco, Inc., by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud." Ex. A. at 2. The indictment goes on to state that defendant "made numerous material misrepresentations to investors relating to the business operations and financial prospects of Matco, Inc., including the nature and status of Matco, Inc.'s contracts, capitalization, funding, and need for short-term loans." Id.

This evidence is unavailing for three independent reasons.

5

First, it could have been discovered through due diligence. The indictment was unsealed on February 13, 2007. Plaintiffs filed their motion for summary judgment on March 23, 2007, and the court did not issue its order until April 25, 2007. More importantly, plaintiffs do not explain why they could not have discovered the underlying evidence that supports the indictment through traditional discovery devices at an even earlier date.[3]

Second, even if the court were inclined to take judicial notice of the indictment, and at such a late juncture, it would only take notice of its existence, not the truth of the matters asserted in the indictment. Rather, plaintiffs would need to present evidence, in a timely fashion, for the court to perform the latter task.

Third, plaintiffs assume that the existence of criminal or fraudulent behavior by defendant as the head of MATCO would prove that he had breached the implied covenant of good faith and fair dealing. It is worth remembering, however, that the November 2001 agreement stated that defendant would repay plaintiffs $2 million dollars in the event that MATCO had sufficient funds available. Defendant would have breached the implied covenant if he had done something to cut the legs from beneath the contract and deny

---

[3] Plaintiffs attempt to defend their failure to present evidence by arguing that defendant had, in its opposition to plaintiffs' motion for summary judgment, failed to address the good faith and fair dealing claim. Of course, plaintiffs also failed to meet their initial burden in moving for summary judgment, and failed once again to meet their burden of production in their opposition to defendant's motion for summary judgment. On the latter ground, summary judgment was appropriately granted.

6

plaintiffs of the benefit of the bargain, such as preventing MATCO from obtaining $2 million dollars.

Defendant's alleged criminal behavior does not prove that there was any action to deprive MATCO of $2 million dollars that it would have otherwise possessed. Far from proving that defendant took action to deny funds that it would have otherwise obtained, the indictment proves the opposite: defendant's alleged financial crimes show that MATCO obtained money that it should not have otherwise possessed. In short, there is no evidence that defendant breached the implied covenant as applied to the facts of this case and the specific contract that existed between the parties.

**B. Civil Complaint**

The second piece of evidence is a civil complaint filed in the District of Nevada on August 11, 2006 by some of the same plaintiffs in this case.[4] Plaintiffs have now provided the court with a copy of the complaint, which generally alleges that defendant committed acts of fraud, but also includes an allegation that defendant spent money intended for MATCO on defendant's personal real property investments, airplane leases, and charitable and political contributions.

---

[4] This evidence is not technically "new": in plaintiffs' response to defendant's statement of undisputed fact #26, which recited basic information about when MATCO was formed and where it was incorporated, plaintiffs stated that the court "can take judicial notice of Case No. 3:05-cv-0161-ECR-RAM, United States District Court, District of Nevada, wherein it is alleged that Matco, through Trumpower, was actually engaged in the business of defrauding its investors of almost $17,000,000." Nevertheless, there was no mention of the Nevada complaint in plaintiffs' brief.

7

The same problems regarding the first piece of evidence also plague this second piece of evidence. Even if the court were inclined to take judicial notice of the Nevada complaint, it would only acknowledge its existence, not the truth of the allegations contained therein. To the extent those allegations are supported by evidence, plaintiffs should have presented that evidence to this court when it was adjudicating the parties' cross-motions for summary judgment. Plaintiffs' present attempt to introduce portions of defendant's deposition not previously submitted nor discussed is a far cry from evidence that could not have been previously obtained through due diligence, particularly as the deposition was already in plaintiffs' possession.

### IV. Conclusion

For the reasons set forth above, the motion for reconsideration is DENIED. The hearing currently set for July 2, 2007 at 10:00 a.m. is hereby VACATED.

IT IS SO ORDERED.

DATED: June 27, 2007.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT